21155. TOLER *v.* MOBLEY, superintendent, etc., *et al.*

STEPHENS, J. 1. A court of this State takes judicial notice that A. B. Mobley is the superintendent of banks of this State, and that he is given authority by law to collect the assets of an insolvent bank incorporated under the laws of this State, which, in his capacity as superintendent of banks, he has taken over for liquidation. It follows, therefore, in a suit against the maker of a note which is payable to a bank incorporated under the laws of this State, instituted by A. B. Mobley as the superintendent of banks of this State, where it does not appear that the note has been indorsed or transferred to any one by the payee, an allegation in the petition that the defendant is indebted on the note to the plaintiff, A. B. Mobley "as superintendent of banks of Georgia," is an allegation in effect that the bank to which the note is payable has become insolvent and has been taken over by the plaintiff as superintendent of banks for liquidation as required by law. The petition set out a cause of action and the demurrer thereto was properly overruled.

2. Since the petition set out a right of action in A. B. Mobley as superintendent of· banks of Georgia, it is immaterial, as against a general demurrer to the petition, that the petition alleges that A. B. Mobley, in addition to bringing the suit as superintendent of banks of the State of ·Georgia, brings it also as "statutory receiver" in a designated case pending in another court. The latter allegation may be treated as surplusage in so far as it has reference to the capacity in which the plaintiff A. B. Mobley, as superintendent of banks, may maintain the suit. The petition, therefore, is not subject to demurrer upon the ground that it contains no allegation that authority was conferred upon the "receiver," by order of court or otherwise, to institute the suit.

3. There is no misjoinder of parties in the petition by reason of the fact that it is alleged that the plaintiff brings suit in two capacities, as where the plaintiff, A. B. Mobley, brings suit "as superintendent of banks of Georgia, and as statutory receiver" in a designated case pending in another court.

4. The court did not err in overruling the demurrer to the petition. The uncontradicted evidence demanded the verdict which was directed for

the plaintiff in the amounts found as principal, interest, and attorney's fees. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 29, 1931.

*Jere M. Moore,* for plaintiff in error.
*Jule Felton, Jule W. Felton,* contra.